IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:11-CR-42-FL-1
No. 2:13-CV-50-FL

| | | |
|---|---|---|
| SHEVON ONDRO HARRELL | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 36, 39), including a claim pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government filed a motion to dismiss (DE 45), to which petitioner responded also invoking Miller v. United States, 735 F.3d 141 (4th Cir. 2013). For the reasons stated below, the government's motion will be granted and this matter will be dismissed.

**BACKGROUND**

Petitioner pleaded guilty pursuant to a written plea agreement to distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). On July 10, 2012, petitioner was sentenced to a term of 160 months imprisonment. Petitioner did not file a direct appeal. On August 5, 2013, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, as corrected August 20, 2013, arguing that his sentence enhancement as a career offender was erroneous in light of Simmons. The government contends that petitioner's Simmons claim is barred by the waiver in his plea agreement and without merit, among other grounds. Petitioner also claims that his indictment failed to sufficiently specify drug quantity. The government contends this claim is procedurally defaulted.

**DISCUSSION**

A. Plea Waiver

The government also argues that petitioner's § 2255 motion is barred by the waiver in his plea agreement. The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a Simmons claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. Id. at 525 & 529.

Petitioner does not contend that his waiver was invalid due to any defect in the Rule 11 colloquy. Rather, he suggests, based on Miller, that his Simmons claim falls outside of the scope of the plea waiver because it is a substantive rule of law. Both arguments are foreclosed by Copeland, where the court confirmed that a defendant "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law," and that an "illegal" sentence permitting an appeal waiver must be a "sentence imposed in excess of the maximum penalty provided by statute." 707 F.3d at 529 & 530; see also United States v. Jones, No. 12-7600, 2014 WL 68607 *1 (4th Cir. Jan. 9, 2014) (plea waiver barred collateral attack based on Simmons, despite decision in Miller).

2

Accordingly, the court must dismiss petitioner's <u>Simmons</u> claim as barred by the waiver in his plea agreement.

B. Drug Quantity in Indictment

Petitioner claims that the indictment failed to sufficiently state the drug quantity attributable to him. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998). Accordingly, under the procedural-default rule, ordinarily, "claims not raised on direct appeal may not be raised on collateral review." <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003). "A procedural default, however, may be excused in two circumstances: where a person attacking his conviction can establish (1) that he is 'actually innocent' or (2) 'cause' for the default and 'prejudice' resulting therefrom." <u>United States v. Fugit</u>, 703 F.3d 248, 253 (4th Cir. 2012) (quoting <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)). Petitioner has not alleged actual innocence, nor cause nor prejudice related to the alleged error in the indictment in this case. Accordingly, this claim must be dismissed.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

For the foregoing reasons, the court GRANTS the government's motion to dismiss and

DISMISSES petitioner's motion to vacate.   A certificate of appealability is DENIED.

SO ORDERED, this 20th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4