IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:11-CR-42-FL-1

| | | |
|---|---|---|
| SHEVON ONDRO HARRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's letter motion (DE 69), seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015). The issues raised are ripe for ruling. For the reasons that follow, the court dismisses petitioner's motion.

**BACKGROUND**

On February 16, 2012, pursuant to a written plea agreement, petitioner pleaded guilty to distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). On July 10, 2012, petitioner was sentenced to 160 months' imprisonment. Petitioner did not appeal his judgment.

On August 5, 2013, petitioner filed his first motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. This court granted the government's motion to dismiss and denied the motion. On May 16, 2016, petitioner filed the instant letter motion seeking relief under Johnson.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this case, petitioner must first obtain an order from the Fourth Circuit Court of Appeals before this court will consider any second or successive petition under 28 U.S.C. § 2255. Accordingly, the court must dismiss petitioner's motion for lack or jurisdiction.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DISMISSES petitioner's letter motion (DE 69) without prejudice to him to seek pre-filing authorization from the Fourth Circuit Court of Appeals. The court DENIES a certificate of appealability.

SO ORDERED, this the 26th day of May, 2017.

                                          LOUISE W. FLANAGAN
                                          United States District Judge